IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

v.

GARRY M. STRINGHAM,

    Defendant.

MEMORANDUM AND ORDER

92-CR-113-S

SEALED

---

An *ex parte* hearing was held in the above entitled matter on October 8, 1992, the government having appeared by Kevin C. Potter, United States Attorney, by Jeffrey M. Anderson, Assistant United States Attorney. The Hon. John C. Shabaz, District Judge, presided.

The purpose of the *ex parte* hearing was to supplement the affidavit previously filed by the United States of America in support of the order for dismissal of the indictment returned by the grand jury on September 30, 1992 against the defendant, Garry M. Stringham.

> Rule 48(a) provides that the government may dismiss an indictment prior to trial "by leave of court." The leave of court requirement allows the courts "to exercise discretion over the propriety of a prosecutorial motion to dismiss. . . . [T]he primary purpose of the rule is protection of a defendant's rights . . . 'to prevent harassment of a defendant by charging, dismissing and re-charging without placing a defendant in jeopardy.'" United States v. Salinas, 693 F.2d 348, 351 (5th Cir. 1982) (quoting United States v. Cox, 342 F.2d 167, 171 (5th Cir.), cert. denied 381 U.S.

Copy of this document has been
mailed to the following:
AUSA Anderson and Probation
this 9th day of October, 1992.

By: *Ellie Blanchip*
Secretary to Judge John C. Shabaz

> 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965) (footnotes omitted); see also United States v. Derr, 726 F.2d 617, 619 (10th Cir.1984). "The key factor in a determination of procecutorial harassment is the propriety . . . of the Government's efforts to terminate the prosecution--the good faith . . . of the Government in moving to dismiss." Salinas, 693 F.2d at 351 (footnote omitted).

United States v. Olson, 846 F.2d 1103, 1113-1114 (7th Cir. 1988).

The Court is also favorably impressed with the opinion set forth in United States v. Abreu, 747 F.Supp. 493 (N.D.Ind. 1990), which at page 502 states as follows:

> Any suggestion that the district court simply "rubber stamp" a motion to dismiss an indictment, whether as a condition of a plea agreement or otherwise, simply ignores the Supreme Court's inclusion in Rule 48(a) of the requirement that indictments be dismissed by leave of court. United States v. N.V. Nederlandsche Combinatic, etc., 428 F.Supp. 114, on reconsideration, 75 F.R.D. 473 (1977); United States v. Bettinger Corp., 54 F.R.D. 40 (1971) (citing United States v. Greater Blouse, Skirt & Neckwear Con. Ass'n., 228 F.Supp. 483, 486 (S.D.N.Y. 1964); United States v. Shanahan, 168 F.Supp. at 228; United States v. Doe, 101 F.Supp. at 611). In determining whether there is a sound basis for the dismissal of an indictment,
>
>> more than a mere ministerial administrative act is involved; a judicial determination is sought, and the court may grant or withhold its sanction as the circumstances may require. The determination required is a judicial determination in which the court is not constrained by the desires or recommendations of the prosecuting authority.
>
> A secondary purpose of the Rule is the protection of the public interest inherent in all criminal proceedings. "[T]he history of . . . Rule [48(a)] belies the notion that its

2

> only scope and purpose is the protection of the defendant . . . [rather, it is] manifestly clear that the Supreme Court intended to clothe the federal courts with the discretion broad enough to protect the public interest in the fair administration of criminal justice."

In Re Washington, 544 F.2d 203, 209 (5th Cir. 1976), citing Cowan, 524 F.2d at 512:

> In Cowan, the United States attorney sought to dismiss charges originally returned by a grand jury in the form of an indictment by filing an information to which the defendant had agreed to plead guilty. The United States attorney reached this agreement with this defendant in an effort to obtain the defendant's cooperation in the Watergate investigation; in exchange for the defendant's plea of guilty to the information, which contained a misdemeanor charge, the United States attorney agreed that the charges against the defendant as returned by a federal grand jury in the form of an indictment would be dismissed. 524 F.2d at 509.

> In Cowan, the United States District Court for the Northern District of Texas, at San Angelo, denied the motion, and, upon the formal declination of the government to proceed with the prosecution, appointed a special prosecutor. Id. On appeal by the government, the court of appeals held that, while the trial court did have the discretion to refuse to permit the dismissal of the prosecution, the bounds of the district court's discretion had been exceeded where the government had demonstrated specific good faith reasons which were sufficiently articulated in the motion to dismiss. 524 F.2d at 514.

In this case the government originally performed as if this Court were a rubber stamp. Its affidavit in support of the order for dismissal was substantially less than adequate. At the ex parte hearing it failed to even recognize that alternatives to dismissal of the indictment were available by which the public

3

interest could be preserved. There is no plea agreement. There is no formal understanding with the defendant. There is no suggestion of an Information for a lesser included offense. There is no attempt to delay ultimate prosecution while the present indictment is pending. Finally, there is not that notification to the defendant of the "arrangement" which the Court can only infer from the circumstances presented.

This Court and the public have a substantial interest in the prosecution of a known major supplier of anabolic steroids. An examination of the affidavit of Eric J. Szatkowski in support of a search warrant at paragraphs 7, 10, 13 and 19 advises of the defendant's possession of a large white duffel bag filled with steroids on each of those four dates set forth therein.

Without question the affidavit in support of the order for dismissal is woefully inadequate, suggesting only that the defendant has indicated a willingness to fully cooperate with law enforcement in investigating others involved in trafficking in controlled substances. The information provided at the ex parte hearing without further documentation appears speculative at best, particularly where no understanding between the government and the defendant has been provided.

Good faith must have as its basis more wisdom and less speculation than has heretofore been presented. As the government is quick to admit, once the present charges are dismissed there is no certainty that the defendant will be available for reindictment in the event the results imagined do not materialize. The Court

does not profess to know more about the case than does the government. It does know, however, that the public interest is not best served by the government's failure to address appropriate alternatives which would accomplish its purpose without providing the defendant a "pass" for those serious charges for which the grand jury found probable cause to exist.

Accordingly,

ORDER

IT IS ORDERED that the government's request for an order of dismissal is DENIED.

Entered this 9th day of October, 1992.

BY THE COURT:

JOHN C. SHABAZ
District Judge